THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOSEPH DEVON, PLAINTIFF IN ERROR.

Decided March 7, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiff in error, *Walter S. Keown.*

For the state, *Clifford A. Baldwin,* prosecutor of the pleas (*Samuel P. Orlando,* on the brief).

PER CURIAM.

The defendant, Joseph Devon, was convicted upon an indictment charging him with manslaughter in the felonious killing of one Joseph Cimini, alias Joseph Gannon.

Several grounds are urged for the reversal of this conviction. Seven of them relate to rulings upon evidence. Four of the rulings specified overruled questions asked by counsel

for the defendant of one William Felt, a witness called by
him.

Another ground of reversal was directed at the exclusion of
a question asked of one Michael D'Andrea, another of de-
fendant's witnesses. Our examination of the testimony sub-
mitted by the state and the defendant leads us to the con-
clusion that these questions were properly overruled.

Two other grounds of reversal are directed at the ruling
of the court in refusing to exclude certain questions put by
the state to the witness D'Andrea. Our consideration of the
testimony leads us to the conclusion that these questions were
properly admitted.

Eleven other grounds of reversal are directed either at the
refusal of the court to charge certain requests submitted on
behalf of the defendant, or to the court's instruction to the
jury. As to the requests, our examination of them in connec-
tion with the charge as delivered leads us to the conclusion
that the court in its charge to the jury complied with the
requests so far as they were proper. As to the charge itself
we find no error.

It is next argued that the verdict is against the weight of
the evidence. Our examination of the proofs leads us to the
conclusion that the finding of the jury was fully justified
by the testimony submitted.

Lastly it is contended that the conviction should be set
aside because "the clerk of the court erroneously and illegally
received the verdict of the jury in the absence of the judge
without instructions from the judge and contrary to law,
and discharged the jury." This contention is plainly without
merit. There is nothing in the record to justify the state-
ment of fact upon which it is based. The recital contained
therein is that the jury, after having been charged by the
court, retired; that, after an absence, they returned into
court and stated that they had agreed upon their verdict, that
they found the defendant guilty as he stood charged, and
recommended to the court that mercy be extended to him.

The conviction under review will be affirmed.